### SUPER-SERVICE STATIONS INC v
### GESLER-TATE PETROLEUM CORP

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10813. Decided Oct. 13, 1930

Ben H. Davis, Cleveland, for Service Stations.

R. H. Hunter, Cleveland, for Petroleum Corp.

Judges JUSTICE and CROW (3rd Dist) and MAUCK (5th Dist) sitting.

**CROW, J.**

There was no evidence tending to prove that the assignment to plaintiff was not made in good faith, nor was it contended that the amount appearing to be due was not correct.

It should also be noted that no evidence was introduced tending to prove the claimed breach of the contract, Consequently the defense, under the record here, must rest, if, at all, on the doctrine of res adjudicata.

It is unnecessary to discuss any feature of that doctrine in detail, hence we will content ourselves with the observation that one of its essential elements is the identity of persons save in certain instances, such as representation, privity, participation and so forth. Under some circumstances the doctrine is applicable to the relation of as-signor and assignee, but no authority has been furnished to or found by us which sanctions such application, in the absence of a statute, to transactions occurring prior to the commencement of the suit which is claimed to be the adjudication. This principle is correctly and clearly stated and elaborated in 34 C. J. 1018.

We are not overlooking the universally recognized rule that the rights of the assignee rise no higher than the rights of his assignor, but in a case like the one in hand, the rights must be determined as of the time the assignment was made.

There was, of course, no reason why the breach could not have been pleaded and proved by defendant as against plaintiff, but as we have said, defendant did not choose to do that.

There being no reason for disturbing the judgment it must be affirmed, which will be done but without penalty.

Justice and Mauck, JJ, concur.